UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT FRIZZIOLA,

                          Plaintiff,                    **COMPLAINT**

    -against-

MORGAN STANLEY SMITH BARNEY LLC.,

                          Defendant.
------------------------------------------------------------X

      Plaintiff VINCENT FRIZZIOLA, by and through his attorneys, alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action against Defendant MORGAN STANLEY SMITH BARNEY LLC. to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid overtime wages, liquidated damages, attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

      2.     Plaintiff also brings this action to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §§ 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Pursuant to the NYLL, Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

1

**JURISDICTION AND VENUE**

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendant does business in, and accordingly resides in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

5. Plaintiff Vincent Frizziola resides in Richmond County in the State of New York. At all relevant times, Plaintiff was employed by Defendant as described herein.

6. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).  Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

7. Defendant Morgan Stanley Smith Barney LLC. ("MSSB") is a Foreign Limited Liability Company.  Defendant's registered address is at 111 Eighth Avenue, New York, New York, 10011.

8. Defendant grossed more than $500,000 in each of the last three calendar years.

9. At all times relevant hereto, Plaintiff was employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce

within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

6. At all times relevant hereto, MSSB has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

7. At all times relevant hereto, MSSB has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

## FACTUAL ALLEGATIONS

10. MSSB is a global leader in investment banking.

11. Since hiring Plaintiff in or about 2008, MSSB employed Plaintiff as a "Corporate Actions Associate".

12. At all times relevant hereto, Defendant paid Plaintiff at rate of $38.39 per hour.

13. Plaintiff was not an exempt employee under the FLSA and the NYLL and, at all times relevant hereto, was entitled to be paid overtime for all hours worked in excess of 40 per week.

14. Throughout his employment with Defendant, Plaintiff regularly worked well over forty (40) hours per week without being paid (a) for all hours worked, and (b) overtime premiums for all hours he worked in excess of 40 per week.

15. Defendant regularly scheduled Plaintiff to work five (5) days – Monday through Friday – each week.

16. Plaintiff regularly worked a minimum of eight and one half (8 1/2) hours per day, and regularly worked longer.  During busy times, Plaintiff often worked up to ten (10) or ten and one half (10 1/2) hours per day, or longer.

17. During the 2012 to 2015 year period, Plaintiff regularly arrived at work, and started working, by 9:00 A.M. or earlier, and continued working at least until 5:30 P.M., 6:30 P.M. or later.

18. During the 2016 to early 2018 year period, Plaintiff regularly arrived at work, and started working, by 8:15 A.M., and continued working until 5:15 or 5:30 P.M., or later.

19. Due to his heavy work-load, Plaintiff regularly worked through his lunch/meal breaks and did not normally take an uninterrupted meal break of at least 30 minutes each day.

20. Despite Plaintiff regularly working over nine hours per day and over 40 hours per week, Defendant's management explicitly told Plaintiff that he should not put down overtime hours on his timesheets.

21. Instead, Plaintiff was instructed to fill in timesheets that always listed his working start time as 9:00 AM, his end of the day at 5:30 PM, and a half an hour lunch break from 1:00 to 1:30 PM.

22. Defendant and Defendant's management knew that Plaintiff's timesheets were inaccurate.

23. Defendant and Defendant's management knew that Plaintiff was working more hours than listed on his time sheets.

24. Defendant and Defendant's management failed to keep accurate and sufficient time records for Plaintiff as required by Federal and State laws.

25. Defendant willfully failed to pay Plaintiff (i) for all hours he worked, and (ii) at the rate of one and one half times his regular hourly rate of pay for all hours he worked in excess of forty (40) in a workweek.

26. Defendant is aware or should be aware that federal and state laws required Defendant to pay Plaintiff (i) for all hours he worked, and (ii) overtime premiums for all hours worked in excess of forty (40) in a workweek.

27. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for Plaintiff.

28. Defendant's record keeping and notice violations prevented Plaintiff from knowing his legal rights and from figuring out exactly how many hours he was not compensated for.

29. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid (i) for all hours he worked, and (ii) overtime premiums for all hours worked in excess of forty (40) hours in a week.

30. Upon information and belief, Defendant knew that the nonpayment of his wages owed and overtime premiums would economically injure Plaintiff and that nonpayment violated the FLSA and the NYLL.

31. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CAUSE OF ACTION
**(Failure to Pay Overtime Wages – FLSA)**

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

33. Defendant was required to properly pay Plaintiff overtime wages at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

34. Defendant violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiff and thereby violating the overtime requirements of the FLSA.

35. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff for all hours worked and failing to pay Plaintiff overtime at not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

36. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in amounts to be determined at trial and is entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(Failure to Pay Wages and Overtime Wages – NYLL)**

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

38. During his employment with Defendants, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

39. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

40. Defendant failed to pay Plaintiff wages for all hours worked and overtime wages of not less than one and one-half times his regularly hour rate for each hour worked in excess of

6

forty hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

41. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant wages for all hours worked and overtime wages of not less than one and one-half times his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (NYLL §§ 195 (3) -Failure to Provide Wage Statements)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

43. Defendant has willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

44. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant $250 for each work day that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, to Plaintiff including FLSA liquidated damages, and interest, to be paid by Defendant;

(b) An award of damages to Plaintiff for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: August 3, 2018            Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff*